**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISELA DIMERY, | No. 12-17550 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00481-JSW |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, Administrator and Fiduciary of the Genentech, Inc. Long Term Disability Insurance Plan, et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted February 9, 2015
San Francisco, California

Before: HAWKINS, PAEZ, and BERZON, Circuit Judges.

As an employee of Genentech, Inc., Plaintiff Isela Dimery ("Dimery") was a

participant in The Genentech, Inc. Group Long Term Disability Insurance Program

("Plan"). The Plan is governed by the Employee Retirement Income Security Act

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

of 1974 ("ERISA"). Defendant Reliance Standard Life Insurance ("Reliance") is the administrator and fiduciary of the Plan. Reliance denied Dimery's continued long-term disability benefits under the Plan. Dimery filed a complaint for judicial review under 29 U.S.C. § 1132. The district court, reviewing for abuse of discretion, granted summary judgment in favor of Reliance. Dimery timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     Under both the Summary Plan Description ("SPD") and the applicable ERISA regulations, Reliance was required to render a decision in Dimery's administrative appeal within forty-five days, or to provide notice that additional time was required due to special circumstances before the initial forty-five day period expired. 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i). In correspondence with Dimery, Reliance notified her that it was seeking an independent medical evaluation, but did not expressly state that it needed additional time beyond the forty-five day period to render a decision. On the sixty-fourth day, Reliance affirmed the initial decision terminating Dimery's long-term disability benefits.

2.     Reliance argues for the first time on appeal that the SPD containing the relevant time limitations is not part of the Plan under *CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877–78 (2011). Because the parties proceeded in district court as

2

though the SPD was part of the Plan without objection from Reliance, Reliance has waived this argument. *See Solis v. Matheson*, 563 F.3d 425, 437 (9th Cir. 2009).

**3.** Dimery argues that under *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan*, 349 F.3d 1098, 1105 (9th Cir. 2003), the district court should have reviewed de novo Reliance's denial of benefits. This argument fails for two reasons. First, the denial of Dimery's benefits was not "necessarily the mechanical result" of a violation of the terms of the Plan. *See id.* The Plan did not state that a particular result would ensue from a failure to adhere to the time limits for reviewing the denial of benefits. Second, insofar as Dimery relies not on the Plan but on the requirements of the applicable ERISA regulations, 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i), ERISA procedural violations do not alter the standard of review unless the violations cause the beneficiary substantive harm. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971 (9th Cir. 2006) (en banc); *Gatti v. Reliance Std. Life Ins.*, 415 F.3d 978, 985 (9th Cir. 2005) (explaining that "procedural violations of ERISA do not alter the standard of review unless those violations are so flagrant as to alter the substantive relationship between the employer and employee, thereby causing the beneficiary substantive harm"). Dimery does not identify any substantive harm resulting from Reliance's untimely

decision. The district court properly reviewed the denial of Dimery's benefits under an abuse of discretion standard.

**4.** Because Dimery argues only that the district court should have reviewed Reliance's denial of her benefits de novo, and does not argue that she should have prevailed under an abuse of discretion standard, the district court's judgment is **AFFIRMED**.